UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION

ALAN DAIRO,
    Plaintiff,

CASE NO. 8:17-cv-1084 30 JSS

vs.

SIMO NET INC., d/b/a UNION
HOUSE ASSISTED LIVING FACILITY

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Alan Dairo (hereinafter "Plaintiff"), by and through his undersigned counsel hereby files this action against the above named Defendant, Simo Net Inc., d/b/a Union House Assisted Living Facility (hereinafter "Defendant").

### JURISDICTION AND VENUE

1. This is an action for damages by Plaintiff against his former employer for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b). The Court has jurisdiction over FLSA claims pursuant to 28 U.S.C. § § 1331, 1337. Venue is proper in this Court under Rule 1.02(c) of the Local Rules of the Middle District of Florida.

2. At all times hereto, Defendant has been a corporation engaged in interstate commerce as all defined in of the FLSA.

### NATURE OF THE CASE

3. This action is brought to recover unpaid compensation owed to Plaintiff, pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.* For at least three (3) years prior to the filing of this

complaint ("Material Period"), Defendant had a policy and practice of consistently requiring Plaintiff to work without paying the Minimum Wage and any compensation for work in excess of forty (40) hours per week as required by the FLSA. Plaintiff seeks unpaid compensation, an equal amount of liquidated damages, attorney's fees and costs, and all other remedies the court deems appropriate pursuant to 29 U.S.C. § 216(b).

## PARTIES

4. Plaintiff, Alan Dairo is a resident of Pinellas County, Florida.

5. Plaintiff, Alan Dairo began his employment on July 3, 2015 through April 12, 2017. Mr. Dairo was employed as a Caretaker, in Defendant's, Union House Assisted Living Facility, at 930 Union Street, Clearwater, FL 33763. As a Caretaker, Plaintiff, regularly worked in excess of forty (40) hours per week. Plaintiff was not paid the Federal Minimum Wage for all hours worked, and received no overtime compensation for hours worked in excess of forty (40) hours per week.

6. Defendant, Simo Net Inc., d/b/a/ Union House Assisted Living Facility is a Florida Corporation operating as a business in Pinellas County, Florida. Defendant is an employer as defined by 29 U.S.C. § 203(d) and 207(a)(1).

7. Defendant is an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

## FACTUAL BACKGROUND

8. Plaintiff brings this action for unpaid wages and overtime compensation and relief under the Fair Labor Standards Act 29. U.S.C. 201 *et. seq.* ("FLSA"), on behalf of himself.

9. The "Material Period" for the claims under the FLSA in this case is the three (3) year period to the date of filing this complaint.

10. Defendant is aware that Plaintiff was not being compensated the minimum wage for all hours worked.

11. Defendant is aware that Plaintiff worked an excess of forty (40) hours per week and not compensated for all hours worked over forty (40) hours at the rate of the one and one-half times his hourly rate of pay, in violation of the Fair Labor Standards Act. Defendant did nothing to correct the ongoing wage violations.

12. Defendant repeatedly and willfully violated the Fair Labor Standards Act by paying Plaintiff a fixed rate of pay; one-hundred twenty dollars ($120.00) per a twenty-four (24) hour shift, forty dollars ($40.00) for night shift and eighty dollars ($80.00) for a day shift. Based on Plaintiff's calendar and journal, he was paid an equivalent of four dollars and 22 cents ($4.22) per hour, which is far less than the Federal Minimum Wage of seven dollars and 25 cents ($7.25) per hour.

13. Mr. Dairo was regularly scheduled to work on Thursday, Friday, and Sunday for twenty-four (24) hour shifts, in which he was paid a fixed rate of one-hundred twenty ($120.00) dollars per twenty-four (24) hour shift. Consistently throughout this period, Plaintiff worked worked one (1) or two (2) extra shifts at which he would be paid forty ($40.00) dollars for the night shift which would start at 6:00 p.m. until 7:00 a.m., or eighty ($80.00) dollars for the day shift from 7:00 a.m. to 7:00 p.m. On average, Mr. Dairo worked over eighty-eight (88.43) hours per week, for which he would not be paid minimum wage, or overtime for any hours worked in excess of forty (40) hours.

14. In 2016, Plaintiff's pay stub for the year was nineteen thousand four hundred ($19,400.00) dollars for working fifty-two (52) weeks with an average of over eighty-eight (88.43) hours a week, which amounts to a wage of four dollars and twenty-two cents ($4.22) per hour and no overtime. See chart below for Hours and Unpaid Wages for Plaintiff.

| TABLE A | | | |
|---|---|---|---|
| Date 2017 | Total Hours Worked | Regular Hours Worked | Overtime hours worked |
| January 1 - 7 | 96 | 40 | 56 |
| January 8 - 14 | 72 | 40 | 32 |
| January 15 - 21 | 108 | 40 | 68 |
| January 22 - 28 | 72 | 40 | 32 |
| January 29 - Feb 4 | 61 | 40 | 21 |
| February 5 - 11 | 73 | 40 | 33 |
| February 12 - 18 | 144 | 40 | 104 |
| February 19 - 25 | 96 | 40 | 56 |
| February 26 - Mar 4 | 84 | 40 | 44 |
| March 5 - 11 | 108 | 40 | 68 |
| March 12 - 18 | 84 | 40 | 44 |
| March 19 - 25 | 60 | 40 | 20 |
| March 26 - April 1 | 107 | 40 | 67 |
| April 2 - 8 | 73 | 40 | 33 |
| April 9 | 12 | 40 | |
| Total Hours 2017 | 1250 | 600 | 678 |
| Average Hours Worked Per Week 2017 | | 88.43 | |
| Average Overtime Hours Worked Per Week 2017 | | 48.43 | |

| TABLE B | | |
|---|---|---|
| Average Hours worked Per week | Actual Pay as per 2016 W2 | Average Hourly Rate 2016 |
| 88.43 | $19,400.00 | $4.22 |

| TABLE C | | | |
|---|---|---|---|
| | Hours Worked Per Week | Actual Pay by Employer | Unpaid Wages Weekly |
| Regular Rate of Pay Hours Per Week | 40 | $168.80 | $121.20 |
| Average Overtime Hours | 48.42857143 | $204.37 | $322.53 |

| | TABLE D | | |
|---|---|---|---|
| | Yearly Unpaid Wages 2015 - 26 weeks | Yearly Unpaid Wages 2016 - 52 weeks | 2017 Unpaid Wages - 14 weeks |
| Regular Hours | $3,151.20 | $6,302.40 | $1,696.80 |
| Overtime Hours | $8,385.89 | $16,771.78 | $4,515.48 |
| Total Unpaid Wages | $11,537.09 | $23,074.18 | $6,212.28 |

| TABLE E | |
|---|---|
| Total Unpaid Wages | $40,823.55 |
| Double Damages | $81,647.11 |

15. Defendant repeatedly and willfully has violated Section 7 and Section 15 of the FLSA by failing to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay.

16. During the course of employment with Defendant, Plaintiff worked over forty (40) hours in each workweek, but was not compensated at one and one half times the respective regular rates of pay ( the "Overtime Rate") for all hours worked over forty (40) in each such workweek; Plaintiff were consistently asked to work in excess of (40) hours, but was never paid the Federal Minimum Wage or any overtime.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

17. Plaintiff, re-adopts and realleges the allegations contained in Paragraph 1 through 16 above.

18. At all times material to this cause of action, Defendant failed to pay Plaintiff the Federal Minimum Wage of seven dollars and 25 cents ($7.25) per hour.

19. At all times material to this cause of action, Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) within each workweek in compliance with the FLSA.

20. Plaintiff, as a Caretaker, was a non-exempt employee and eligible for overtime compensation for all hours in excess of forty (40) hours/week.

21. Plaintiff is entitled to an overtime rate of pay from Defendant equal to one and one-half times his respective regular wages for all overtime hours worked.

22. Defendant failed to credit and pay Plaintiff for all overtime hours worked, which failure was intentional, wilful and unlawful.

23. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages, plus incurring costs and reasonable attorneys fees.

24. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages, among other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for this Court:

25. To declare that Defendant, Simo Net Inc., d/b/a Union House Assisted Living Facility, has violated the recordkeeping provision of the FLSA 29 U.S.C. § 211(c) as to Plaintiff;

26. To declare that Defendant, Simo Net Inc., d/b/a Union House Assisted Living Facility, has violated the wage payment and overtime provisions of the FLSA, 29 U.S.C. §207.

27. To declare that Defendant, Simo Net Inc., d/b/a Union House Assisted Living Facility, violations of the FLSA were willful;

28. To award Plaintiff damages for the amount of unpaid compensation and overtime compensation subject to proof at trial;

29. To award Plaintiff liquidated damages in an amount equal to the compensation and overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

30. To award Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b);

31. To award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial of her claims by jury to the extent authorized by law.

Dated: May 5, 2017

Respectfully submitted,

By _____
DAVID J. LINESCH
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor, FL 34683
Voice: (727) 786-0000
Facsimile: (727) 786-0974
Attorney for Plaintiff